

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **VS.** | § | **CASE NO. 9:11-CR-52** |
| | § | |
| **DONALD LEE BROOKS** | § | |

## <u>FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA<br>BEFORE THE UNITED STATES MAGISTRATE JUDGE</u>

The District Court referred this matter to the undersigned United States Magistrate Judge

for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of

Criminal Procedure. Magistrate judges have the statutory authority to conduct a felony guilty

plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v.*

*Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On December 14, 2011, this cause came before the undersigned United States Magistrate

Judge for entry of a guilty plea by the Defendant, on **Count One** of the charging **Information**[1]

filed in this cause. Count One of the Information charges that on or about May 17, 2011, in the

---

[1]The Defendant executed a Waiver of Indictment which was addressed at the guilty plea hearing and filed in
the record.

Eastern District of Texas, Donald Lee Brooks, Defendant herein, did knowingly possess a firearm, to wit: a weapon made from a Savage, Stevens Model 9478, 12 gauge shotgun, bearing serial number D173661 and having a barrel less than 16 inches in length, which was not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, §§ 5861(d) and 5845(a).

Defendant, Donald Lee Brooks, entered a plea of guilty to Count One of the Information into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b.    That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

c.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea.  Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises.  *See* FED. R. CRIM. P. 11(b)(2).

d.    That Defendant's knowing, voluntary and freely made plea is supported by an

independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crime charged under 26 U.S.C. § 5861(d).

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government presented the following evidence, which was admitted into the record at the plea hearing. *See Factual Resume.* The Government and the Defendant agreed that if this case were to proceed to trial, the Government would prove beyond a reasonable doubt, through the testimony of sworn witnesses, that Brooks possessed a firearm, having an overall length of less than 26 inches, in violation of 26 U.S.C. § 5861(d) and § 5845(a). The Defendant further admits that the facts stated in the factual resume are true and correct.

At the guilty plea hearing, the parties further stipulated on the record that at the time of trial the Government would also present evidence that the firearm at issue was in fact not registered in the National Firearms Registration and Transcript Record.

Defendant, Donald Lee Brooks, agreed with the facts set forth by the Government and signed the *Factual Resume.* Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## <u>RECOMMENDED DISPOSITION</u>

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count One** of the charging **Information** on file in this criminal proceeding. The Court also recommends that the District Court conditionally accept the plea agreement.[2] Accordingly, it is further recommended that, Defendant, Donald Lee Brooks, be finally adjudged as guilty of the charged offense under Title 26, United States Code, Section 5861(d).

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the

---

[2]"(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

presentence report because the sentencing guidelines are advisory in nature. The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3). If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw his guilty plea, dependent upon the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B). If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement. Defendant has the right to allocute before the District Court before imposition of sentence.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,*

711 F.2d 619, 620 (5ᵗʰ Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5ᵗʰ Cir. 1981) (per curiam).

**SIGNED this the 14th day of December, 2011.**


KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE